IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILLIP PARKER<br><br>*Plaintiff,*<br><br>V.<br><br>J.B. HUNT TRANSPORT, INC AND ERIC BOSSETT<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:19-cv-969<br>JURY TRIAL DEMANDED |

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, Defendant J.B. HUNT TRANSPORT, INC., (hereinafter, "JBH") hereby removes to this Court, the state court action described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), JBH sets forth the following "short and plain statement of the grounds for removal."

### A.  THE REMOVED CASE

1. The removed case is a civil action filed with the 224th Judicial District Court of Bexar County, Texas, on or about July 22, 2019, styled *Phillip Parker vs. J.B. Hunt Transport, Inc. and Eric Bossett*; Cause No. 2019CI14467 (the "State Court Action").  The case arises from the alleged injuries sustained by Plaintiff from a motor vehicle accident that occurred on or about January 22, 2019 in Bexar County, Texas.

## B.  DOCUMENTS FROM REMOVED ACTION

2. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. 1446(a), JBH attaches the following documents to this Notice of Removal as *Exhibit "A"*:

(i) A list of all parties in the case, their party type and current status;

(ii) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(iii) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(iv) A record of which parties have requested trial by jury; and

(v) The name and address of the court from which the case is being removed.

## C.  REMOVAL PROCEDURE

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441.  The San Antonio Division of the Western District Court of Texas is the United States district and division embracing Bexar County, Texas, the county in which the State Court Action is pending.

4. JBH has not yet been served with the State Court Action, however, JBH received a copy of Plaintiff's Original Petition on July 24, 2019. JBH has appeared and

filed its Original Answer. *See* **Exhibit A**. Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

6. JBH will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 224th Judicial District Court of Bexar County, Texas, where the action is currently pending.

### D. VENUE IS PROPER

7. The United States District Court for the Western District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 224th Judicial District Court of Bexar County, Texas, is located within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

### E. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined *and served* as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below, although Plaintiff believes one of the two named Defendants is a Texas resident, that Defendant has not been served in this case.

9. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

10. As admitted in his Petition, Plaintiff is an individual who resides in Texas.[1]

11. Defendant JBH is a foreign corporation organized and existing under the laws of the State of Georgia. Thus, pursuant to 28 U.S.C. § 1332(c)(1), JBH is a not a citizen of the State of Texas.

12. Defendant Eric Bossett ("Bossett") has not been served and his citizenship has not been determined.

13. In any event, even presuming that Defendant Bossett is a "citizen of Texas," a majority of the federal courts considering "snap removal," as JBH seeks here, have held that 28 U.S.C. § 1441(b)(2) permit removal as long as no in-state defendant has been served. *E.g.*, *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151 (3rd Circ. 2018), *reh'g denied* (Sep. 17, 2018). *Perez v. ZTE (USA), Inc.*, No. 3:18-CV-2948-B, 2019 WL 1429654 (N.D. Tex. Mar. 29, 2019), *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009). The Western District of Texas is also one of the jurisdictions recognizing the propriety of "snap

---

[1] *See* Pl. Original Petition at ¶ II.

removal" in a case such as this one. *LMN Consulting, Inc. v. DaVincian Healthcare, Inc.,* Civil Action No. A-18-CV-1085-LY, 2019 WL 2565281, at *1 (W.D. Tex. April 26, 2019).

16. Consent is not necessary because no other Defendant has been served.

17. Because Plaintiff is a resident of the State of Texas and JBH is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. Therefore, the diversity of citizenship requirement is satisfied.

### F. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

18. Plaintiff alleges in his Original Petition that he seeks damages in monetary relief in excess of $1,000,000.00.[2] Plaintiff also seeks to recover damages against JBH for pre-judgment and post-judgment interest.[3]

19. Therefore, based on all of the aforementioned facts, the State Court Action may be removed to this Court by JBH in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### G. FILING OF REMOVAL PAPERS

20. Pursuant to 28 U.S.C. § 1446(d), JBH is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with

---

[2] Pl. Original Petition at ¶ VII.
[3] *Id.*

the Clerk of the 224th Judicial District Court of Bexar County, Texas, in which this action was originally commenced.

### H.  CONCLUSION

21.  Defendant J.B. HUNT TRANSPORT, INC., hereby removes the above-captioned action from the 224th Judicial District of Harris County, Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas, San Antonio Division, as provided by law.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:  */s/ Kevin P. Riley*
    **Kevin P. Riley**
    *Attorney-in-Charge*
    State Bar No. 16929100
    E-Mail:  kriley@mayerllp.com
    **John A. Coselli III**
    State Bar No. 24100163
    E-Mail: jcoselli@mayerllp.com

**ATTORNEYS FOR DEFENDANT
J.B. HUNT TRANSPORT, INC.**

## CERTIFICATE OF SERVICE

      This is to certify that on the 8th day of August 2019, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| **LAW OFFICES OF NATHANIEL MACK III**<br>1777 NE Loop 410, Suite 600<br>San Antonio, Texas 78217<br>Phone: 210-333-6225<br>Fax: 210-855-3152<br><br>**ATTORNEY FOR PLAINTIFF** | ☐ E-MAIL/E-SERVICE<br>☒ ECM<br>☐ HAND DELIVERY<br>☐ FACSIMILE<br>☐ OVERNIGHT MAIL<br>☐ REGULAR, FIRST CLASS MAIL<br>☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

                                            */s/ Kevin P. Riley*
                                            Kevin P. Riley